In re METROPOLITAN ST. RY.

(Circuit Court, S. D. New York. February 4, 1909.)

STREET RAILROADS (§ 58*) — RECEIVERS—ATTENDANCE BEFORE PUBLIC SERVICE COMMISSION.

    Since the receivers of a street railway company might conclude to bring the matter of the operation of one line and the equipment of another line of cars with fenders and wheel guards under an order of the New York Public Service Commission before the state courts, and, in order to do this effectually, it might be necessary that the receivers be represented at the hearings before the commission, it was proper that they should attend such hearings, though it appeared that they would probably accomplish nothing by such attendance because of the extreme power of the commission and the ex parte nature of its proceedings.

    [Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 58.*]

Arthur H. Masten, for receivers.

LACOMBE, Circuit Judge. Receivers have asked the court for instructions as to whether they should appear before the Public Service Commission on a hearing in the matter of Eighth street line and another as to fenders and wheel guards.

As to "hearings" generally before the Public Service Commission, the practice, as the court understands it, is as follows: Being of the impression that some change in operation of street cars is desirable, the board sets on foot an investigation. Its inspectors watch the movement of cars, and count them and their passengers. Its engineers visit the property and make examinations. All of these send reports in to the commission. One or more of its members consider these reports, perhaps make further inquiry, and the subject is then brought before the board at an executive session, and presumably is carefully looked into and a form of order prepared which it is supposed will effect an improvement. That order is then served upon those in charge of the road with the statement that they will be given a hearing before the Public Service Commission or one of its members on some named day. When that day comes the reports of the board's officials and employés are laid before it, and in some cases they are further examined along the same lines. The representatives of the road are allowed to examine witnesses who are cross-examined by counsel for the board. Thereafter in executive session the commission decides whether or not the proposed order, which it had already carefully prepared, should be made final, and, if it be, the order is served and obedience to it enforced by fine or mandamus. The same body

is, therefore, practically complainant, prosecutor, judge, jury, and sheriff. Under these circumstances it has seemed to the receivers (and the Court approved their conclusion) that, in cases where they had already fully informed the commission of the reasons why they objected to the order, they would accomplish nothing by attending the hearing. In such cases they have accepted final orders with the statement that they would obey them so far as possible. If fined for alleged subsequent disobedience, it would be for them to show that compliance was impossible—as, for instance, that they could not reconstruct 10 cars a day after their repair shops and car barns were destroyed by fire, or that in certain congested streets they could not always run cars on a few seconds' headway. In cases, however, where they dispute the commission's authority to make the proposed order, as in the Fifty-Ninth street "zone" transfer case, they have attended hearings and put in testimony as an essential preliminary to an application for review in the state courts. The hearings now ordered may possibly so develop as to make it desirable to attend. Should the wheel guards or fenders of some particular manufacturer or patentee be prescribed or should some order be made fining receivers for some alleged failure to run cars in conformity with orders, the receivers might conclude to bring the matter before the state court, and, in order to do so effectively, it might be necessary for them to be represented on the hearing.

The notices apparently contemplate something other than the ordinary car service hearings, and receivers may attend them.